IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

FREEBIRD, INC., on behalf of          )
itself and all others similarly      )
situated,                            )
                                     )
                    Plaintiff,       )      **CIVIL ACTION**
                                     )
v.                                   )      No.  08-1190-MLB
                                     )
CIMAREX ENERGY CO.,                  )
                                     )
                    Defendant.       )
_____)


<u>**MEMORANDUM AND ORDER**</u>

Defendant, Cimarex Energy Co., removed this case from state court pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453. (Doc. 1.) Before the court is plaintiff's motion to remand. (Doc. 7.) The motion is fully briefed and ripe for decision. (Docs. 8, 11, 12). Plaintiff's motion to remand is granted for reasons herein.

**I.     Facts and Procedural History**

Plaintiff, a royalty owner, filed this action against defendant to recover royalties for natural gas produced from wells in Finney County, Kansas. Plaintiff alleges that defendant improperly deducted processing charges from its royalty payments. Plaintiff brought this action on behalf of all royalty owners "who were paid royalties for natural gas and/or NGLs from Kansas wells from January 1, 2002 to the time of class notice with processing/treating charges deducted or subtracted in arriving at the net amount of royalties paid to the royalty owner." (Doc. 1 at 9). In its petition, plaintiff specifically alleged that neither it nor the class make any claim under federal law and that the amount in controversy does not exceed

$5,000,000, exclusive of interests and costs.  Plaintiff seeks an accounting and payment for improper processing/treating deductions and interests for all members of the class.  Plaintiff does not seek any injunctive or prospective relief.

In its notice of removal, defendant asserted the following:

13. Third, the amount in controversy exceeds the jurisdictional minimum of $5,000,000, for a several reasons:

a. Since January 2002, Cimarex has paid over $26,000,000 in royalties based on production from its Kansas wells. Exhibit B, Affidavit of Michael Hart at ¶ 6.

b. If Cimarex had not deducted processing/treating charges prior to calculating the royalty due from its Kansas wells, Cimarex would have paid those royalty owners at least an additional $4,054,465.28 from January 2002 through April 2008. Exhibit B, Affidavit of Michael Hart at ¶ 8.

c. [If] Cimarex may not properly deduct processing/treating charges prior to calculating the royalty due from its Kansas wells, Cimarex will have to pay its royalty owners at least an additional $12,163,396.84 to $19,654,521.41 over the reasonable life expectancy of these wells. Using a net discount rate of 10%, the present value of this sum is $3,779,354.99 to $6,106,963.21. Exhibit B, Affidavit of Michael Hart at ¶ 9.

14. As the foregoing calculations demonstrate, the actual amount in controversy is at least $16,217,862.12. Although Freebird alleges in its Class Action Petition that it is not seeking more than $5,000,000 in damages on behalf of the proposed class, the definition of the proposed class and the magnitude of the present and future royalties involved necessarily places in issue a sum of money well in excess of $5,000,000.

(Doc. 1 at 3-4).

Plaintiff responds that it does not seek damages in excess of $5,000,000, the affidavit is insufficient and consideration of any future damages is not appropriate when the complaint does not seek

those damages.

## II.   Analysis

Federal courts are courts of limited jurisdiction, <u>United States</u> <u>ex rel. Grynberg v. Praxair, Inc.</u>, 389 F.3d 1038, 1048 (10th Cir. 2004), and the parties cannot confer jurisdiction where it is lacking. <u>Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee</u>, 456 U.S. 694, 702, 102 S. Ct. 2099, 2104, 72 L. Ed. 2d 492 (1982).  If the court lacks subject matter jurisdiction, all rulings are a legal nullity, lacking any force or effect.  <u>See</u> <u>Hart v. Terminex Int'l</u>, 336 F.3d 541, 542 (7th Cir. 2003).

The Class Action Fairness Act (CAFA) amends the federal diversity jurisdiction statute, 28 U.S.C. § 1332, by inserting a new subsection, § 1332(d).  This new subsection broadens diversity jurisdiction by establishing lower threshold requirements for jurisdiction.  CAFA provides federal courts with jurisdiction over class actions provided that: the plaintiff class exceeds one hundred, § 1332(d)(5)(b); any member of the plaintiff class is diverse from any defendant, § 1332(d)(2); and the aggregate of the claims of individual class members exceeds $5,000,000, exclusive of interests and costs. § 1332(d)(2), (6).  There is no dispute that there is minimal diversity of citizenship and that the potential class exceeds one hundred.  The only issue in dispute before the court is whether the claims of the class members exceed $5,000,000.

When a case is originally filed in federal court, the plaintiff enjoys a presumption that the amount claimed in the complaint is accurate for purposes of diversity jurisdiction.  <u>Martin v. Franklin</u> <u>Capital Corp.</u>, 251 F.3d 1284, 1289 (10th Cir. 2001).  By contrast,

-3-

that presumption disappears when a case is initially filed in state court.  Id.  Indeed, there is a presumption against jurisdiction in a case removed from state court, and a defendant bears the burden of proving jurisdiction.  Id. at 1289-90.  All uncertainties are resolved in favor of remand.  Id. at 1290.

> The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal.  Lonnquist v. J.C. Penney Co., 421 F.2d 597, 599 (10th Cir. 1970).  The burden is on the party requesting removal to set forth, in the notice of removal itself, the "underlying facts supporting [the] assertion that the amount in controversy exceeds [the jurisdictional minimum]."  Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).

Laughlin, 50 F.3d at 873.

In its petition, plaintiff specifically plead less than the $5,000,000 requisite amount in controversy.  In its notice of removal, defendant states that the amount of plaintiff's claims from the dates alleged in the petition up to the time of filing is "at least" $4,054,465.28.  The statement is based upon the affidavit of defendant's Manager of Revenue Accounting but the affiant does not explain how the figure was derived.

Plaintiff argues that defendant's affidavit is not sufficient to meet its burden of proof that the amount in controversy exceeds $5,000,000.  In order to determine whether defendant has met its burden, the court must determine the appropriate standard for the burden of proof.  While the Tenth Circuit held that the standard is a preponderance of the evidence in cases in which the plaintiff failed to allege an amount in the petition, it has yet to decide the appropriate standard in cases such as this one.  Martin, 251 F.3d at

1289-90.  Therefore, it is necessary to review decisions of this court.

In <u>Coca-Cola Bottling of Emporia, Inc. v. South Beach Beverage Co., Inc.</u>, 198 F. Supp.2d 1280, 1285 (D. Kan. 2002), Judge Robinson determined that the preponderance of the evidence standard was inappropriate in cases in which the plaintiff has specifically plead an amount of damages and found that the "reasonable certainty standard used by the Sixth Circuit. . . appropriately considers the presumption against removal and the plaintiff's greater right to choose a forum, while providing defendant a reasonable chance to prove that the amount in controversy exceeds $75,000."  Other district courts in Kansas have agreed.  <u>See</u>, <u>e.g.</u>, <u>Eatinger v. BP America Prod. Co.</u>, 524 F. Supp.2d 1342, 1347 (D. Kan. 2007); <u>Porter v. Merck & Co.</u>, No. 04-2572, 2004 WL 3682055, at *2 (D. Kan. Dec. 28, 2004); <u>Firstar Bank, N.A. v. West-Anderson</u>, No. 02-2224, 2003 WL 21313849, at *5 n. 6 (D. Kan. Apr. 22, 2003).  This court agrees with the reasoning in <u>Coca-Cola</u> and will also hold defendant to the burden of establishing the amount in controversy by a reasonable probability.

Plaintiff asserts that the notice of removal does not meet defendant's burden because it merely states conclusory numbers without any proper support.  Plaintiff cites to <u>Coca-Cola</u> in support of its argument.  In <u>Coca-Cola</u>, the defendant did not submit an affidavit in conjunction with its notice of removal but the defendant did submit an affidavit with its memorandum in opposition to remand. 198 F. Supp.2d at  1283-84.  The court found that the affidavit was not sufficient because it did not set forth underlying facts to support its assertions.  In this case, defendant <u>did</u> submit an affidavit in

-5-

conjunction with the notice of removal.  That affidavit states the amount of money the plaintiff class would have received if defendant would not have deducted processing/treating charges from January 2002 to April 2008 was $4,054,465.28.  Defendant did not support this number with any underlying data.  More troubling, however, is the second numbers included in the affidavit.  Defendant alleges that it would have to pay an additional twelve to nineteen million through the life of the wells.  Again, defendant does not support this number with any facts.  At a minimum, the court would expect defendant to submit the amount of fees defendant incurs for the wells and how defendant has figured those costs some twenty years into the future.  The court finds that defendant has failed to meet its burden of showing the court by a reasonable certainty that the amount in controversy exceeds $5,000,000.

Even if defendant's affidavit was sufficient, the court would remand this case to state court.  Plaintiff's petition clearly limits the damages of the plaintiff class to the time period of January 2002 until the date of class certification.  While the end date has not yet been determined, defendant's data has merely affirmed that the plaintiff class has sustained damages of $4,054,465.28.  Defendant's argument that the amount in controversy exceeds $5,000,000 because it includes royalties that would be paid up to thirty years from now is not supported by authority.[1]  "The amount in controversy is not proof

---

[1] Defendant cites to other cases in which the plaintiff class sought damages for royalty payments and their motions to remand were denied.  The striking difference is that the defendants were able to establish by a reasonable certainty that the true amount in controversy exceeded $5,000,000 for the class or $75,000 for the named plaintiff.  The defendants did <u>not</u> argue the inclusion of future

of the amount the plaintiff will recover.  Rather, it is an estimate of the amount that will be put at issue in the course of the litigation."  <u>McPhail v. Deere & Co.</u>, 529 F.3d 947, 956 (10th Cir. 2008).  At issue in this litigation will be the amount of damages that the plaintiff class incurred during the time period alleged in the petition.  Any evidence of potential future royalties would not be relevant and is not at issue in this case.  Those numbers would only be included in determining the amount in controversy had the plaintiff class sought injunctive relief.  But it did not.  Therefore, even if the court were to consider defendant's affidavit, the amount in controversy at this time does not exceed $5,000,000.[2]

**III.  Conclusion**

Plaintiff's motion to remand is granted.  (Doc. 7).  The clerk is direct to remand this case forthwith to the district court of Finney County, Kansas.


IT IS SO ORDERED.

Dated this   2nd   day of September 2008, at Wichita, Kansas.


s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE

damages that were not sought by the plaintiff class.

[2] Defendant may remove this case once it becomes removable under the statute.  28 U.S.C. § 1332(d)(1)(b) and (7) (The statute allows for removal "as of the date of service by plaintiffs of an amended pleading, motion, or other paper, indicating the existence of Federal jurisdiction."); <u>see also</u> 28 U.S.C. § 1453.